RANDALL S. LUSKEY (SBN: 240915)
  rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice forthcoming*)
  ratkins@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3183
Facsimile: (212) 492-0183

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.; and RASIER, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### OAKLAND DIVISION

| | |
|---|---|
| LS 134, an individual, | Case No. 4:23-cv-03811-JSW |
| Plaintiff, | **DEFENDANTS UBER TECHNOLOGIES, INC. AND RASIER, LLC'S NOTICE OF MOTION AND MOTION TO TRANSFER VENUE TO THE NORTHERN DISTRICT OF ILLINOIS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** |
| v. | |
| UBER TECHNOLOGIES, INC., a Delaware Corporation; RASIER, LLC, a Delaware Limited Liability Company; and DOES 1 through 50, Inclusive. | Date:   December 1, 2023 Time:  9:00 a.m. Courtroom:  5 – 2nd Floor |
| Defendants. | Action Filed:  July 31, 2023 Trial Date:   None Set |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## NOTICE OF MOTION AND MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Please take notice that on December 1, 2023 at 9:00 a.m., or as soon thereafter as the matter may be heard by the Court, at the courtroom of the Honorable Jeffrey S. White, Courtroom 5, 2nd Floor, United States District Court, 1301 Clay Street, Oakland, California, Defendants Uber Technologies, Inc. and Rasier, LLC ("Uber") will and hereby do move, pursuant to 28 U.S.C. § 1404(a), to transfer this case to the United States District Court for the Northern District of Illinois (the "Motion").

Uber respectfully requests the transfer of this action to the Northern District of Illinois, pursuant to 28 U.S.C. § 1404(a), in the interest of justice and convenience to the parties and witnesses.

The Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Randall S. Luskey, Declaration of Alejandra O'Connor, and the exhibits attached thereto, the complete files and records in this action, oral argument of counsel, authorities that may be presented at or before the hearing, and such other and further matters as this Court may consider.

DATED:  September 8, 2023

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By:    */s/ Randall S. Luskey*
RANDALL S. LUSKEY
ROBERT ATKINS

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.
and RASIER, LLC

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ...........................................................................................1

FACTUAL AND PROCEDURAL BACKGROUND.......................................................3

I.      Background on Uber. ................................................................................................3

II.     Background on this Complaint. ...............................................................................3

III.    Background on Similar Decisions in Other Uber Cases. ......................................4

LEGAL STANDARD.........................................................................................................5

ARGUMENT .......................................................................................................................5

I.      This Case Could Have Been Brought in Illinois.....................................................5

II.     The Private Interest Factors, Including the Convenience of the Parties and
        Witnesses, Favor Transfer. ......................................................................................6

        A.      The Northern District of Illinois is More Convenient for the Parties .....................6

                1.      Plaintiff is Not a California Resident and Her Decision to
                        File Here Is Entitled to Minimal Consideration............................6

                        (a)     Illinois is the Only State That Can Provide
                                Complete Resolution and Process, Thus Transfer
                                Will Avoid Parallel Proceedings......................................7

        B.      The Northern District of Illinois is More Convenient for Potential
                Witnesses ...............................................................................................9

                1.      The Relevant Evidence and Witnesses are Located in
                        Illinois .......................................................................................9

                        (a)     The Northern District of Illinois Can Compel
                                Critical Witnesses to Testify at Trial, While the
                                Northern District of California Cannot .........................10

                2.      The Location of Uber's Corporate Headquarters Does not
                        Render the Northern District of California a More
                        Convenient Venue......................................................................11

III.    The Public Interest Factors Favor Transfer ........................................................12

        A.      Local Interest and the Burden on the Courts and Jury...........................13

        B.      Litigation Costs – Avoiding Unnecessary Expense and Duplicative
                Litigation..............................................................................................14

        C.      Familiarity with Applicable Law .........................................................15

CONCLUSION....................................................................................................15

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Biggers* v. *Borden, Inc.*,
  475 F. Supp. 333 (E.D. Pa. 1979) .............................................................8

*Blankenship* v. *Medtronic, Inc.*,
  2013 WL 3322031 (C.D. Cal. June 7, 2013) .............................................9

*Brown* v. *DetailXPerts Franchise Sys., LLC*,
  2020 WL 5106842 (N.D. Cal. Aug. 31, 2020) ..........................................4

*United States* v. *Casey*,
  420 F. Supp. 273 (S.D. Ga. 1976)..............................................................8

*Coleman* v. *Mallinckrodt Enter. LLC*,
  2019 WL 1779574 (N.D. Cal. Apr. 23, 2019) .........................................10

*Contact Lumber Co.* v. *P.T. Moges Shipping Co.*,
  918 F.2d 1446 (9th Cir. 1990) ...................................................................8

*Dawson* v. *Medtronic, Inc.*,
  2013 WL 3322040 (C.D. Cal. Mar. 8, 2013)......................................10, 15

*Fein* v. *Public Serv. Coordinated Transp.*,
  165 F. Supp. 370 (E.D. Pa. 1958) ............................................................15

*Flexible Funding, LLC* v. *Iron Mountain Info. Mgmt.*,
  2005 WL 2431241 (N.D. Cal. Sept. 30, 2005) ..........................................6

*Gilmore-Webster* v. *Bayou City Homebuyers Inc.*,
  2019 WL 1100492 (N.D. Cal. Mar. 8, 2019)............................................13

*Gorne & Walker* v. *Uber Techs., Inc.*,
  CGC-19-575852 (S.F. Super. Ct. July 1, 2019)...................................4, 14

*Hyundai Space & Aircraft Co.* v. *Boeing Co.*,
  1999 WL 910131 (N.D. Cal. Oct. 12, 1999).............................................13

*Italian Colors Rest.* v. *Am. Express Co.*,
  2003 WL 22682482 (N.D. Cal. Nov. 10, 2003) .......................................14

*Jane Doe* v. *Uber Techs., Inc.*,
  2017 WL 2352032 (N.D. Cal. May 31, 2017)................................... *passim*

*Jane Doe* v. *Uber Techs., Inc.*,
  CGC-17-556481 (S.F. Super. Ct. Aug. 11, 2017)......................................4

- ii -

*Jane Doe* v. *Uber Techs., Inc.*,
  CGC-19-579901 (S.F. Super. Ct. Mar. 24, 2020) .......................................................................4

*Kawamura* v. *Boyd Gaming Corp.*,
  2012 WL 6047728 (D. Haw. Dec. 5, 2012) ..............................................................................8

*Kay* v. *Nat'l City Mortg. Co.*,
  494 F. Supp. 2d 845 (S.D. Ohio 2007) ....................................................................................8

*Lapachet* v. *Cal. Forensic Med. Grp., Inc.*,
  2017 WL 3917209 (N.D. Cal. Sept. 7, 2017) ..........................................................................7

*Metz* v. *U.S. Life Ins. Co. in City of New York*,
  674 F. Supp. 2d 1141 (C.D. Cal. 2009) ...................................................................................6

*North* v. *Samsung SDI Am., Inc.*,
  2020 WL 1984020 (N.D. Cal. Apr. 27, 2020) ........................................................................10

*Park* v. *Dole Fresh Vegetables, Inc.*,
  964 F. Supp. 2d 1088 (N.D. Cal. 2013) ...................................................................................5

*Perdue* v. *Hy-Vee, Inc.*,
  455 F. Supp. 3d 749 (C.D. Ill. 2020) .....................................................................................15

*Piper Aircraft* v. *Reyno*,
  454 U.S. 235 (1981) ..................................................................................................................8

*Posven, C.A.* v. *Liberty Mut. Ins. Co.*,
  303 F. Supp. 2d 391 (S.D.N.Y. 2004) ......................................................................................8

*R. Griggs Grp. Ltd.* v. *Consolidated Shoe, Inc.*,
  1999 WL 226211 (N.D. Cal. Apr. 9, 1999) ..............................................................................8

*Reibman* v. *Renesas Elecs. Am., Inc.*,
  2014 WL 251955 (N.D. Cal. Jan. 7, 2014) ...............................................................................8

*Republic of Kaz.* v. *Ketebaev*,
  2018 WL 2763308 (N.D. Cal. June 8, 2018) ............................................................................8

*Rycz* v. *Superior Ct. of S.F. Cnty.*,
  81 Cal. App. 5th 824 (2022) .................................................................................................4, 10

*Saleh* v. *Titan Corp.*,
  361 F. Supp. 2d 1152 (S.D. Cal. Mar. 21, 2005) ....................................................................11

*Stewart Org., Inc.* v. *Ricoh Corp.*,
  487 U.S. 22 (1988) ....................................................................................................................5

*In re Uber Rideshare Cases*,
  Case No. CJC-21-005188 (Jan. 23, 2023) ....................................................................... *passim*

- iii -

*Van Dusen* v. *Barrack*,
376 U.S. 612 (1964)..................................................................................................5, 8

*Van Mourik* v. *Big Heart Pet Brands, Inc*,
2018 WL 3549122 (N.D. Cal. July 24, 2018)........................................................11, 13

*Vu* v. *Ortho-McNeil Pharm., Inc.*,
602 F. Supp. 2d 1151 (N.D. Cal. 2009) ..............................................................6, 7, 13

*Williams* v. *Bowman*,
157 F. Supp. 2d 1103 (N.D. Cal. 2001) .....................................................................7, 9

*Yi* v. *Uber Techs., Inc.*,
2018 WL 5013568 (N.D. Ill. Oct. 15, 2018)...............................................................2, 8

*Zut* v. *Harrah's Ent., Inc.*,
2013 WL 5442282 (N.D. Cal. Sept. 30, 2013) .............................................................10

**Statutes**

625 ILCS 57/10...............................................................................................................13

625 ILCS 57/15...............................................................................................................13

625 ILCS 57/20...............................................................................................................13

625 ILCS 57/30...............................................................................................................14

28 U.S.C. § 1332...............................................................................................................6

28 U.S.C. § 1391(b)(2) ......................................................................................................6

28 U.S.C. § 1404(a) .................................................................................................. *passim*

**Other Authorities**

Fed. R. Civ. P. 43............................................................................................................10

Fed. R. Civ. P. 45(c) .......................................................................................................10

*Groups*, Nat'l Sexual Violence Res. Ctr. (Feb. 25, 2019),
https://www.nsvrc.org/blogs/seeing-whole-survivor-why-its-necessary-talk-
about-identity-survivors-individuals-and-groups ......................................................2

RAINN, *Scope of the Problem: Statistics*, https://www.rainn.org/statistics/scope-
problem ........................................................................................................................3

RAINN, *Statistics*, https://www.rainn.org/statistics (last visited June 2023)..................2

RAINN, *Survivor Stories*, https://www.rainn.org/survivor-stories (last visited June
2023) ............................................................................................................................2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Sarah M. Greathouse et al., A Review of the Literature on Sexual Assault
    Perpetrator Characteristics and Behaviors, Rand Corp. (2015),
    https://www.rand.org/content/dam/rand/pubs/research_reports/RR1000/RR10
    82/RAND_RR1082.pdf (last visited June 2023) ........................................................................2

DEFENDANTS UBER TECHNOLOGIES, INC. AND RASIER, LLC'S          CASE NO. 4:23-cv-03811-JSW
MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF ILLINOIS

1

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

2

<u>**PRELIMINARY STATEMENT**</u>

3      This action arises out of claims that Plaintiff, an Arizona resident, was allegedly sexually

4    assaulted by an independent contractor driver, likely an Illinois resident, during a ride in Chicago,

5    Illinois.  Plaintiff nevertheless has brought her claims over 2,000 miles away from Illinois, in

6    federal court in California.  The proper forum for this action is the Northern District of Illinois, in

7    the state where the incident occurred - - not this Court.  Both the private and public interest factors

8    analyzed under 28 U.S.C. § 1404(a) favor transfer to Illinois.  Plaintiff resides in Illinois.  The

9    alleged tortfeasor likely resides - - and is subject to personal jurisdiction - - in Illinois .  Illinois is

10   where the primary witnesses to the alleged incident and its consequences are likely to be located.

11   And Illinois has a far greater interest than California in adjudicating this case, including through

12   the application of Illinois tort law and the Illinois regulations governing the operations of Uber and

13   other Transportation Network Companies ("TNCs") within its borders.  Transferring this case

14   would be more convenient to the parties and potential witnesses and more likely to serve the

15   interests of justice.

16      That Uber has one of its headquarters in California does not change the analysis.  Uber is

17   a global operation with several offices located worldwide.  Uber has dozens of offices in the United

18   States, and is locally regulated wherever it does business, governed by a patchwork of different

19   state laws and regulations specific to TNCs.  Declaration of Alejandra O'Connor in Support of

20   Uber's Motion to Transfer Venue to the Northern District of Illinois ("O'Connor Decl.") ¶ 4.  Thus,

21   decision-making is not centralized in California - - and instead takes place across the country.  As

22   Judge Orrick held on a similar fact pattern, even if California has "some interest in seeing this case

23   decided here," that interest does not outweigh the interests of the state in which the alleged incident

24   occurred and tort was committed.  The state of the incident has a "more substantial [interest]

25   because the activities alleged to give rise to Doe's suit occurred there."  *Jane Doe* v. *Uber Techs.,*

26   *Inc.*, 2017 WL 2352032, at *1 (N.D. Cal. May 31, 2017) (the "Minnesota Action") (granting

27   Uber's motion to transfer venue).

28

DEFENDANTS UBER TECHNOLOGIES, INC. AND RASIER, LLC'S          CASE NO. 4:23-cv-03811-JSW
MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF ILLINOIS

1   Transfer in favor of the state where the only eyewitnesses and most other potential

2   witnesses reside is especially appropriate in a case alleging sexual assault. The highly

3   individualized and intensely private experiences of such survivors heighten the necessity and

4   importance of firsthand witnesses - - who are likely located in Illinois.[1]   What precisely happened

5   on the date of the alleged assault and exactly what Plaintiff experienced thereafter - - *e.g.*, what, if

6   any, trauma Plaintiff suffered and what, if any, medical or emotional damages Plaintiff incurred

7   - - can be known only from the witnesses who were there or who interacted with Plaintiff

8   afterwards: for example, law enforcement officials, family members and acquaintances, therapists

9   and treating health care providers, if any, to whom Plaintiff spoke about the alleged assault.  Illinois

10   is likely where these witnesses are most accessible.

11   It is for these reasons that this Court and the California state courts have granted motions

12   for the transfer of cases under § 1404(a), as well as motions for the stay or dismissal of cases on

13   *forum non conveniens* grounds, in personal injury cases involving alleged incidents that took place

14   out-of-state.  *See, e.g.*, *Minnesota Action*, 2017 WL 2352032; Order on Uber's Motions to Stay or

15   Dismiss Based on *Forum Non Conveniens*, *In re Uber Rideshare Cases*, Case No. CJC-21-005188

16   (Jan. 23, 2023) (the "California Action") (Declaration of Randall S. Luskey in Support of Uber's

17   Motion to Transfer Venue to the District of Illinois ("Luskey Decl.") Ex. 1; Request for Judicial

18   Notice ("RJN") ¶ 1) (granting *forum non conveniens* relief in two actions); *Yi* v. *Uber Techs., Inc.*,

19   2018 WL 5013568 (N.D. Ill. Oct. 15, 2018).

20

---

[1] *See generally*, RAINN, *Statistics*, https://www.rainn.org/statistics (last visited June 2023); *see also* Sarah M. Greathouse et al., A Review of the Literature on Sexual Assault Perpetrator Characteristics and Behaviors, Rand Corp. (2015), https://www.rand.org/content/dam/rand/pubs/research_reports/RR1000/RR1082/RAND_RR108 2.pdf (last visited June 2023); Laura Palumbo, Seeing the Whole Survivor: *Why It's Necessary to Talk About Identity for Survivors as Individuals and in Groups*, Nat'l Sexual Violence Res. Ctr. (Feb. 25, 2019), https://www.nsvrc.org/blogs/seeing-whole-survivor-why-its-necessary-talk-about-identity-survivors-individuals-and-groups ("Every survivor's experience is unique and valid. Although there are many ways survivors relate to one another in their experience of trauma and journey to healing – a survivor's experience is uniquely shaped by their personal history, identity, context, culture, and community."); RAINN, *Survivor Stories*, https://www.rainn.org/survivor-stories (last visited June 2023) ("No one person's story is alike. No one survivor's experience is the same.").

DEFENDANTS UBER TECHNOLOGIES, INC. AND RASIER, LLC'S
MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF ILLINOIS

CASE NO. 4:23-cv-03811-JSW

1    The Court should do the same here and should grant transfer to the Northern District of

2    Illinois, where the alleged events underlying this action occurred.

3    <u>**FACTUAL AND PROCEDURAL BACKGROUND**</u>

4    **I.    Background on Uber.**

5    Uber is an international company with dozens of offices all over the United States.

6    O'Connor Decl. ¶ 4.  It is a technology company that uses its proprietary technology to develop

7    and maintain digital multi-sided marketplace platforms.  *Id.* ¶ 3.  Some specific examples of

8    platforms that Uber has developed include the Rides platform (connecting riders with independent

9    drivers) and the Eats platform (merchants, delivery people, and eaters).  *Id.*  Unfortunately, the

10   connections enabled by these platforms are not insulated from societal issues that span the globe.

11   Sexual assault is one such issue.[2]

12   **II.   Background on this Complaint.**

13   Plaintiff alleges that, on or around February 2019, in Chicago, Illinois, she used the rider

14   version of the Uber App to request a ride.  Compl. ¶¶ 6, 171.  During the ride, the driver with

15   whom she was connected allegedly pulled the vehicle over and raped Plaintiff.  Compl. ¶ 171.

16   Despite the fact that the alleged incident occurred in Illinois, as well as, in all likelihood,

17   the independent driver - - the alleged principal tortfeasor - - and other potential primary witnesses

18   live in Illinois, Plaintiff brought this action against Uber in the Northern District of California on

19   August 1, 2023.  Plaintiff asserts claims for negligence, vicarious liability, and product liability,

20   among others.  Though Plaintiff's Complaint does not name the accused independent driver as a

21   defendant, Uber intends to plead cross-claims against him upon the transfer of this action to the

22   venue (the Northern District of Illinois) where personal jurisdiction over the driver can be

23   exercised.  Illinois likely is the only state where personal jurisdiction over the alleged assailant can

24   be exercised.

25

26

27

28   _____

[2] RAINN, *Scope of the Problem: Statistics*, https://www.rainn.org/statistics/scope-problem.

DEFENDANTS UBER TECHNOLOGIES, INC. AND RASIER, LLC'S          CASE NO. 4:23-cv-03811-JSW
MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF ILLINOIS

**III.    Background on Similar Decisions in Other Uber Cases.**

This would not be the first time that § 1404(a) has been applied to transfer a personal injury case brought against Uber.  In a similar case, this court granted transfer under § 1404(a) to the state in which the alleged incident occurred: Minnesota.  *See Minnesota Action*, 2017 WL 2352032. This court first recognized that the plaintiff, as a Minnesota resident, deserved "only minimal deference" for her choice of forum.  *Id.* at *5.  It then weighed heavily the fact that "the majority of the evidence and key third party witnesses are in Minnesota," including the plaintiff and alleged assailant driver.  *Id.* at *1; *see also id.* at *8.  Another factor weighing heavily in this court's analysis was Minnesota's "substantially stronger" local interest.  *Id.* at *8.  This court was not persuaded that Uber's maintenance of a headquarter in San Francisco altered the analysis, finding that "Minnesota has a greater interest in protecting a Minnesota citizen against assault and battery than California does."  *Id.*

Several California state court judges have found the same.  One recent decision is particularly notable.[3]  Just months before Plaintiff filed her Complaint in this Court, a California judge granted *forum non conveniens* relief to Uber in two cases brought by out-of-state plaintiffs alleging sexual assault by out-of-state drivers in locations outside of California.  *California Action*, CJC-21-005188 (Luskey Decl. Ex. 1; RJN ¶ 1).  Balancing the public and private interests required for a *forum non conveniens* analysis, which are substantially similar to those required for a § 1404(a) analysis,[4] the court determined that the cases belonged in the states in which the alleged assaults occurred.  *Id.* at 1, 6, 14–15.  Regarding the private factors, the court considered whether the cases were more properly characterized as "individual sexual assault/misconduct cases," or

---

[3] Other relevant state court decisions include: *Jane Doe* v. *Uber Techs., Inc.*, CGC-17-556481 (S.F. Super. Ct. Aug. 11, 2017) (Luskey Decl. Ex. 2; RJN ¶ 2) (granting *forum non conveniens* relief in favor of the state where alleged incident occurred); *Jane Doe* v. *Uber Techs., Inc.*, CGC-19-579901 (S.F. Super. Ct. Mar. 24, 2020) (Luskey Decl. Ex. 3; RJN ¶ 3) (same); *Gorne & Walker* v. *Uber Techs., Inc.*, CGC-19-575852 (S.F. Super. Ct. July 1, 2019) (Luskey Decl. Ex. 4; RJN ¶ 4) (same); *Rycz* v. *Superior Ct. of S.F. Cnty.*, 81 Cal. App. 5th 824 (2022) (granting Uber's motion to transfer venue to a different county, where alleged incident occurred).

[4] "Section 1404(a) is merely a codification of the doctrine of *forum non conveniens* for the subset of cases in which the transferee forum is within the federal court system." *Brown* v. *DetailXPerts Franchise Sys., LLC*, 2020 WL 5106842, *5 (N.D. Cal. Aug. 31, 2020).

"corporate misconduct cases," and concluded that the former characterization was more appropriate than the latter.  *Id.* at 11.  As such, the location of the witnesses and evidence in the states of the alleged incidents carried more weight than the location of Uber's headquarters.  As to the public factors - - which the court determined controlled here - - the court held that the states where the alleged assaults occurred had a far greater interest than California in adjudicating "cases involving injuries that occur within their borders, and in the application of their laws to regulate the conduct of defendants alleged to be responsible for those injuries."  *Id.* at 14–15.[5]

The analysis conducted in these other cases is applicable here; these decisions reflect that transferring a case to the state where the alleged incident occurred is appropriate.

## LEGAL STANDARD

A district court may transfer a civil action "to any other district or division where it might have been brought" if the transfer is for the convenience of the parties and the witnesses and is in the interest of justice.  28 U.S.C. § 1404(a).  The purpose of this provision is to "prevent the waste of time, energy, and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense."  *Van Dusen* v. *Barrack*, 376 U.S. 612, 616 (1964) (internal quotations omitted).  To determine if a transfer of venue is appropriate under § 1404(a), courts apply a two-part test.  *First*, courts consider whether the case could have been brought in the proposed transferee district.  *Second*, courts undertake an "individualized, case-by-case consideration of convenience and fairness."  *Stewart Org., Inc.* v. *Ricoh Corp.*, 487 U.S. 22, 29 (1988).

## ARGUMENT

**I.  This Case Could Have Been Brought in Illinois.**

As a threshold matter, courts considering transfer must first determine whether the "case could have been brought in the forum to which the moving party seeks to transfer the case." *Park* v. *Dole Fresh Vegetables, Inc.*, 964 F. Supp. 2d 1088, 1093 (N.D. Cal. 2013).  "This includes demonstrating that subject matter jurisdiction, personal jurisdiction, and venue would have been

---

[5] The January 23, 2023 Order relating to these two cases is currently on appeal, along with a subsequent order issued on February 28, 2023 in which the court applied the January 23, 2023 Order to the other non-California cases in the coordinated proceeding.

proper if the plaintiff had filed the action in the district to which transfer is sought." *Metz* v. *U.S. Life Ins. Co. in City of New York*, 674 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009).

Each would have been proper here in the Northern District of Illinois.  Just as this Court does, the Northern District of Illinois would have diversity subject matter jurisdiction over this matter under 28 U.S.C. § 1332.  Uber does not dispute that the Northern District of Illinois would be able to exercise personal jurisdiction over Uber in this matter.  Finally, venue in the Northern District of Illinois is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims occurred in the Northern District of Illinois: the alleged assault. Compl. ¶ 6.

## II. The Private Interest Factors, Including the Convenience of the Parties and Witnesses, Favor Transfer.

The private interest factors - - *i.e.*, the convenience of the parties and witnesses - - weigh heavily in favor of transfer.  Factors relevant to the convenience inquiry include, among other things, plaintiff's choice of forum, the relative ease of access to sources of proof, and the availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing witnesses. *Decker Coal Co.*, 805 F.2d at 843; *Vu* v. *Ortho-McNeil Pharm., Inc.*, 602 F. Supp. 2d 1151, 1156 (N.D. Cal. 2009).

### A. The Northern District of Illinois is More Convenient for the Parties

In deciding a motion to transfer, courts "consider the relative convenience to all the parties involved in the lawsuit of the competing fora." *Flexible Funding, LLC* v. *Iron Mountain Info. Mgmt.*, 2005 WL 2431241, at *3 (N.D. Cal. Sept. 30, 2005).  For the following reasons, the Northern District of Illinois is plainly the more convenient venue.

1. Plaintiff is Not a California Resident and Her Decision to File Here is Entitled to Minimal Consideration

Neither Plaintiff nor the incident are connected to the state of California.  She resides in another state, and the incident took place in Illinois, which suggests that the proposed transferee venue is likely to be more convenient to her than the Northern District of California, to which she has no apparent connection other than the fact that her attorneys are based there.  But the fact that

DEFENDANTS UBER TECHNOLOGIES, INC. AND RASIER, LLC'S
MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF ILLINOIS

CASE NO. 4:23-cv-03811-JSW

Plaintiff's counsel may be located in California "is not an appropriate factor for the Court to consider when deciding a motion to transfer." *Vu*, 602 F. Supp. 2d at 1157. And Uber is prepared to litigate in the Northern District of Illinois, which renders it a convenient venue for Uber as well.

The deference ordinarily accorded to Plaintiff's choice of forum is "***substantially reduced***" when the plaintiff "does not reside in the venue or where the forum lacks a significant connection to the activities alleged in the complaint." *Williams* v. *Bowman*, 157 F. Supp. 2d 1103, 1106 (N.D. Cal. 2001) (emphasis added).  Here, Plaintiff does not reside in the Northern District of California, Compl. ¶ 6, which is reason enough to "substantially reduce[]" any deference owed to her choice of forum.   But in addition to that fact, the Northern District of California lacks a significant connection to the core event at issue in the Complaint, the alleged assault in Illinois.  *See Lapachet* v. *Cal. Forensic Med. Grp., Inc.*, 2017 WL 3917209, at *3 (N.D. Cal. Sept. 7, 2017)  (according "substantially reduced deference to Plaintiff's choice of forum" where the plaintiff was not a resident of the district and there was a "relatively minimal nexus between this District and the injuries Plaintiff suffered" in the Eastern District of California (the transferee court), regardless of allegations that those injuries "were 'set into motion' by policies and procedures set at [defendant's] headquarters in" the Northern District of California (the transferor district)).

For the same reasons, the courts in the California Action and the Minnesota Action declined to recognize a presumption in favor of plaintiffs' choice of California courts.  *California Action*, CJC-21-005188, at 8–9 (Luskey Decl. Ex. 1; RJN ¶ 1); *Minnesota Action*, 2017 WL 2352032, at *4-5.  Likewise, Plaintiff's decision here to file this action in this district - - for whatever putative benefit Plaintiff believes this venue affords - - is entitled minimal, if any, consideration

(a)     *Illinois is the Only State That Can Provide Complete Resolution and Process, Thus Transfer Will Avoid Parallel Proceedings*

The Northern District of Illinois is convenient to all parties because fair and complete resolution of the parties' claims can be obtained only in Illinois, where there likely is personal jurisdiction over the accused independent driver in connection with this alleged incident.  Although Uber has legal claims (express and implied indemnity and contribution) against the accused independent driver, Uber cannot name him in a cross-complaint because, as a likely Illinois

DEFENDANTS UBER TECHNOLOGIES, INC. AND RASIER, LLC'S
MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF ILLINOIS
CASE NO. 4:23-cv-03811-JSW

resident with no connections to California, the independent driver will not be subject to personal jurisdiction in California.  By contrast, Illinois courts have general jurisdiction over the accused independent driver because he likely resides in Illinois.  *Republic of Kaz.* v. *Ketebaev*, 2018 WL 2763308, at *13 (N.D. Cal. June 8, 2018).

Because the accused independent driver likely is not subject to this Court's personal jurisdiction, he likely cannot be joined in this action by Plaintiff, nor impleaded by Uber, unless the action is transferred to Illinois.  *See Reibman* v. *Renesas Elecs. Am., Inc.*, 2014 WL 251955, at *5 (N.D. Cal. Jan. 7, 2014).  For Uber to pursue its claims against the alleged assailant driver in a separate action would be a waste of judicial resources and risk the possibility of inconsistent rulings.  *Piper Aircraft* v. *Reyno*, 454 U.S. 235, 259 (1981); *Yi*, 2018 WL 5013568, at *4.  *Piper Aircraft* v. *Reyno*, 454 U.S. 235, 259 (1981); *Contact Lumber Co.* v. *P.T. Moges Shipping Co.*, 918 F.2d 1446, 1452 (9th Cir. 1990) (holding that "the inability to implead other parties *directly involved* in the controversy is a factor which weighs against the retention of jurisdiction" (emphasis in original)); *Yi*, 2018 WL 5013568, at *4.

For these reasons, "district courts across the country have frequently transferred venue to allow a defendant to implead a party who is not subject to personal jurisdiction in the transferor court." *Kawamura* v. *Boyd Gaming Corp.*, 2012 WL 6047728, at *17 (D. Haw. Dec. 5, 2012).[6] Transfer of this case to the Northern District of Illinois would likely obviate the need to dismiss this action for failure to join the alleged assailant driver, an indispensable party.  *R. Griggs Grp. Ltd.* v. *Consolidated Shoe, Inc.*, 1999 WL 226211, at *3 (N.D. Cal. Apr. 9, 1999) ("Transfer is preferable to dismissal whenever another district with proper venue exists."); *Van Dusen*, 376 U.S. at 634 (noting that § 1404(a) was "broadly designed to allow transfer instead of dismissal").

---

[6] *See also, e.g.*, *Kay* v. *Nat'l City Mortg. Co.*, 494 F. Supp. 2d 845, 854–55 (S.D. Ohio 2007) (transferring venue to allow impleading of a third-party defendant); *Posven, C.A.* v. *Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 406 (S.D.N.Y. 2004) (same); *Biggers* v. *Borden, Inc.*, 475 F. Supp. 333, 337 (E.D. Pa. 1979) (same); *United States* v. *Casey*, 420 F. Supp. 273, 277 (S.D. Ga. 1976) (same).

**B.    The Northern District of Illinois is More Convenient for Potential Witnesses**

1.    The Relevant Evidence and Witnesses are Located in Illinois

Plaintiff alleges she was sexually assaulted in Illinois by an independent driver, who is likely an Illinois resident.  Discovery will, in all likelihood, reveal third parties who may be significant witnesses in this action because of their knowledge relating to the alleged incident and its consequences.[7]  Such witnesses may include: (1) law enforcement personnel to whom the alleged assault was reported who may testify as to the event and allegations in Plaintiff's Complaint; (2) medical personnel and emergency responders who treated Plaintiff after the alleged assault who may testify as to the damages and injuries Plaintiff allegedly suffered; and (3) individuals with whom Plaintiff and the alleged assailant spoke about the alleged assault, who may testify as to the events and allegations in Plaintiff's Complaint and/or the damages and injuries Plaintiff allegedly suffered.  Luskey Decl. ¶ 2(b).

In light of the fact that the accused driver likely resides in Illinois, and all of the alleged events occurred in Illinois, Compl. ¶¶ 6, 171, it is not unreasonable to presume at this stage that many of these potential witnesses will be in Illinois.  *Blankenship* v. *Medtronic, Inc.*, 2013 WL 3322031, at *4 (C.D. Cal. June 7, 2013).  For that reason, the convenience of any non-party witnesses further favors transferring venue to the Northern District of Illinois.  Although Plaintiff will undoubtedly argue that some of these witnesses may be located outside of Illinois, or that some Illinois-based witnesses would be willing to travel to California, that exact argument was rejected in the case in which Judge Orrick ordered transfer to the District of Minnesota.  *Minnesota Action*, 2017 WL 2352032, at *6.

---

[7] "To demonstrate inconvenience of witnesses, the moving party must identify relevant witnesses, state their location and describe their testimony and its relevance." *Williams* v. *Bowman*, 157 F. Supp. 2d 1103, 1108 (N.D. Cal. 2001).  At this stage, Plaintiff has not provided information regarding likely third-party witnesses to this action.  Nonetheless, based on Uber's understanding and familiarity with the types of evidence and witnesses that often emerge from discovery in litigation of the type brought by Plaintiff here, Uber has endeavored to state with as much specificity as possible the persons who are most likely to emerge as witnesses, as well as describe the nature and relevance of any testimony they would provide.

DEFENDANTS UBER TECHNOLOGIES, INC. AND RASIER, LLC'S
MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF ILLINOIS
CASE NO. 4:23-cv-03811-JSW

(a)      *The Northern District of Illinois Can Compel Critical Witnesses to Testify at Trial, While the Northern District of California Cannot*

Not only would it inconvenience all Illinois-based non-party witnesses to retain this case in California, it would also put them - - and whatever critical testimony they may have - - beyond the reach of this Court's compulsory process.  *See, e.g. Dawson* v. *Medtronic, Inc.*, 2013 WL 3322040, at \*3 (C.D. Cal. Mar. 8, 2013).  Although all potential witnesses who reside in Illinois are within the subpoena power of this Court, they (and their records) are well beyond the hundred-mile reach of this Court's compulsory process power.  Fed. R. Civ. P. 45(c) (providing for compulsory process within 100 miles of where the witness lives, works, or regularly transacts business in person).

Even if Uber and Plaintiff are able to depose any critical witnesses in Illinois, Uber will not be able to compel an unwilling witness to testify at trial here.  *See Coleman* v. *Mallinckrodt Enter. LLC*, 2019 WL 1779574, at \*2 (N.D. Cal. Apr. 23, 2019).  As the court in the Minnesota Action held, Uber should not be denied the right to compel live testimony from critical witnesses before the jury, lest it be "hampered in its defense of this case."  *Minnesota Action*, 2017 WL 2352032, at \*6; *North* v. *Samsung SDI Am., Inc.*, 2020 WL 1984020, at \*8 (N.D. Cal. Apr. 27, 2020).  ("The unavailability of process to compel the attendance of non-party witnesses for trial in California weighs in favor of a transfer.");  *Zut* v. *Harrah's Ent., Inc.*, 2013 WL 5442282, at \*3 (N.D. Cal. Sept. 30, 2013) (same).  Live testimony is far more meaningful than recorded testimony, particularly in a case of such a sensitive nature as one involving sexual assault.  *See* Fed. R. Civ. P. 43 advisory committee's note to 1996 amendment.  In a different case involving Uber, the California Appellate Court rejected the proposition that remote testimony is an adequate substitute for live trial testimony: "One operating assumption of our system of justice has long been that the opportunity to observe witnesses 'upon the stand and the manner in which they gave their testimony . . . in no small degree aid[s] in the determination of the truth and correctness of testimony.'"  *Rycz*, 81 Cal. App. 5th at 841.  Limiting to videos the jury's ability to assess the character and credibility of so many central witnesses is not fair.  Nor is it necessary where, as here, there is a more convenient forum.

- 10 -

1    Perhaps the most important witness to this action, the alleged assailant, likely resides in

2    Illinois.  This fact is crucial because not all witnesses are given equal weight in a § 1404 analysis:

3    the court must consider "the importance of the witnesses."  *Saleh* v. *Titan Corp.*, 361 F. Supp. 2d

4    1152, 1161 (S.D. Cal. Mar. 21, 2005).  Trial testimony by the accused independent driver - - the

5    only eyewitness (that we know of) to the alleged assault other than Plaintiff - - will undoubtedly

6    play a significant role in this action.[8]  Judge Orrick recognized this, observing that the independent

7    driver would be a "key witness" whose presence in Minnesota weighed in favor of transfer.

8    *Minnesota Action*, 2017 WL 2352032, at *6.

9    Even if there were only some of these Illinois connections, there could be no reasonable

10   dispute that this is an Illinois litigation matter with Illinois witnesses and Illinois evidence.  Where,

11   as here, the bulk of the witnesses and evidence relating to the alleged incident and its impact on

12   the Plaintiff is centered in the alternate venue, transfer to that venue is appropriate.

13             2.      The Location of Uber's Corporate Headquarters Does not Render the
                      Northern District of California a More Convenient Venue
14

15   Despite the fact that Plaintiff, likely the independent driver, as well as possibly other key

16   witnesses are located in Illinois, Plaintiff may argue that California is a proper venue for this

17   litigation because Uber maintains a headquarters here and, as a result, information related to

18   corporate decision-making must be present here.  This is unpersuasive for at least two reasons.

19   *First*, this is a lawsuit about a sexual assault allegedly committed by an Illinois resident in

20   Illinois, not, as Plaintiff suggests in her Complaint, a case about corporate fraud.  *California Action*,

21   at 11 (Luskey Ex. 1; RJN ¶ 1).  On that basis, less weight is accorded to the location of Uber's

22   headquarters than the location of the witnesses and evidence in the state of the alleged assault.  *Id.*

23   at 10–11; *see also Minnesota Action*, 2017 WL 2352032, at *4.  This is fundamentally a case about

24   sexual assault, and the evidence essential to this dispute, from parties and non-parties alike, is

25   overwhelmingly located in Illinois.  *See Van Mourik* v. *Big Heart Pet Brands, Inc*, 2018 WL

26

27   _____
     [8] As discussed above, the independent driver who allegedly assaulted Plaintiff was not joined by
     Plaintiff in this action and likely cannot be joined or impleaded in this Court due to lack of personal
28   jurisdiction.

DEFENDANTS UBER TECHNOLOGIES, INC. AND RASIER, LLC'S          CASE NO. 4:23-cv-03811-JSW
MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF ILLINOIS

3549122, at *1 (N.D. Cal. July 24, 2018) (in consumer protection case, the location of the defendant's headquarters was "not enough to outweigh the fact that plaintiff is a Texas resident who saw the advertising in Texas, purchased the product in Texas, and seeks redress under Texas law").

Plaintiff took a ride ordered using the rider version of the Uber App in Illinois, and now seeks redress that will most likely be governed by Illinois tort law.  Moreover, Plaintiff cannot recover damages in this action, if at all, without first establishing that the accused independent driver assaulted her, the proof of which would be located *in Illinois*.  *See California Action*, at 11 (Luskey Decl. Ex. 1; RJN ¶ 1) (quoting *Minnesota Action*, 2017 2352032, at *3).  Those facts cannot be outweighed by Uber's presence in California.

*Second*, although Uber maintains a corporate headquarters in California, it is not centralized in California.  Uber operates its business on a state-by-state basis in compliance with local regulations.  In Illinois, for example, Uber operates in compliance with the regulatory scheme set forth by the Illinois legislature.  *See* 625 ILCS 57 *et seq.*  The local regulation of TNCs is not unique to California (or Illinois).  There is a patchwork of dissimilar laws and regulations in the many states where Uber does business, each of which has a specific interest in the operating of ride-sharing businesses within its borders.  Because of its nationwide (and indeed, worldwide) obligations, Uber has dozens of offices across the country.  O'Connor Decl. ¶ 4.  Plaintiff can hardly assume that relevant Uber operations, employees, and information will be located in California.  Coupled with the locus of the alleged incident and attendant evidence, the fact that Uber is regulated and situated all across the country plainly outweighs the fact that it maintains a headquarters in California.

**III.     The Public Interest Factors Favor Transfer.**

The public factors include, among other things, the competing forums' respective local interests in the controversy, the unfairness of burdening citizens in an unrelated forum with jury duty, the costs of resolving a dispute unrelated to the forum in which the plaintiff filed, and familiarity of each forum with the applicable law.  *Id.*  Here, as was the case with respect to the California Action, the public interest factors "weigh heavily in favor of transfer" because "foreign

states have a substantial interest in cases involving injuries that occur within their borders, and in the application of their laws to regulate the conduct of defendants alleged to be responsible for those injuries." *California Action*, at 11, 14 (Luskey Ex. 1; RJN ¶ 1).

### A.   Local Interest and the Burden on the Courts and Jury

Illinois's local interest in the controversy is greater than that of California.   As the *California Action* found, "because the harm[] Plaintiff[] allegedly sustained occurred outside California, California's interest in providing Plaintiff[] a forum is outweighed by that of the state[] where [her] injuries occurred." *Id.* at 14.   Illinois residents and jurors have a greater compelling interest than California jurors in adjudicating cases involving alleged sexual assaults by Illinois residents within Illinois.   When "none of the events related to this dispute occurred in this district" and "no witnesses or evidence exist in this district," the "imposition of jury duty on the citizens of this district" is an "unnecessary burden . . . better left to the citizens and courts of the district . . . where many of the events related to this dispute occurred."   *Hyundai Space & Aircraft Co.* v. *Boeing Co.*, 1999 WL 910131, at *5 (N.D. Cal. Oct. 12, 1999).

Further, Illinois surely has an interest in seeing its own tort and personal injury common law applied by a Illinois court to redress injuries arising from sexual assaults that occur in Illinois. Illinois has a "much greater interest than California" in deciding an action that "seeks redress under [Illinois] law." *Van Mourik*, 2018 WL 3549122 at *1-2. "When an action involves an incident occurring in a particular locale, there is a public interest in having the controversy adjudicated in that locale, rather than in a remote forum." *Gilmore-Webster* v. *Bayou City Homebuyers Inc.*, 2019 WL 1100492, at *11 (N.D. Cal. Mar. 8, 2019) (citation omitted) (finding that, in case with California plaintiff, "Texas has a greater local interest because the lion's share of the events occurred in Texas" and granting transfer); *Vu*, 602 F. Supp. 2d at 1157 (holding the Central District has stronger interest because "the events giving rise to plaintiff's claims took place [there]").

Illinois also has a specific regulatory interest in the operation of TNCs within its borders and it has expressed that interest.   *See* 625 ILCS 57 *et seq.*   For example, Illinois regulates the means and manner by which drivers provide services to riders.   *See, e.g.*, 625 ILCS 57/10 (insurance required); 625 ILCS 57/15 (background check and driving record review required); 625

ILCS 57/20 (non-discrimination policies required); 625 ILCS 57/30 (certain disclosures to passenger required).  Insofar as these Illinois-specific regulations relate to this action, Illinois courts should not be denied the opportunity to consider, apply, and enforce local policy concerning independent drivers and Uber.  *See Gorne*, CGC-19-575852, at 3 (Luskey Decl. Ex. 4; RJN ¶ 4) ("Washington also has an interest in ensuring that Uber and Uber drivers comply with local rules and regulations in conducting business in Washington."); *Minnesota Action*, 2017 WL 2352032, at *8 (observing that Minnesota has an "interest in the conduct of corporations operating in Minnesota").

By contrast, California has no significant interest in adjudicating a dispute involving an incident perpetrated by an Illinois resident in Illinois, involving the application of Illinois law, regulations, and public policy.  *California Action*, at 14 (Luskey Decl. Ex. 1; RJN ¶ 1).  The only connection this lawsuit has to the state of California is that Uber - - a company with global operations and global offices that is regulated locally in the hundreds of jurisdictions in which its Rides platform is used - - has one of its headquarters here.  This is not dispositive.  *See Minnesota Action*, 2017 WL 2352032, at *8.

**B.      Litigation Costs – Avoiding Unnecessary Expense and Duplicative Litigation**

"Generally, litigation costs are reduced when venue is located near most of the witnesses expected to testify or give depositions." *Italian Colors Rest.* v. *Am. Express Co.*, 2003 WL 22682482, at *5 (N.D. Cal. Nov. 10, 2003).  As explained above, most if not all of the witnesses and direct evidence relating to the alleged incident and its consequences are located in Illinois.

More specifically, Illinois is likely the home of the alleged assailant driver.  It may also be the home of many other eyewitnesses and individuals to whom Plaintiff may have spoken to about the incident (*e.g.*, friends, law enforcement, medical providers).  Luskey Decl.  ¶ 2(b).  Perhaps most critically, as discussed above, Uber likely will have to pursue its indemnity and contribution claims against the accused independent driver (based on the agreement that he executed with Uber) in an action that is litigated in Illinois, where the independent driver is likely subject to personal jurisdiction.  As a consequence, if this Motion is denied, there will either be two separate court cases arising from the same alleged incident proceeding in two forums (this one and one in Illinois)

or Uber will move to dismiss this action for failure to join the alleged assailant driver, an indispensable party.

Neither outcome favors judicial economy and neither is cost efficient for the parties or the federal court system.  The costs associated with this litigation would be reduced by both Plaintiff's and Uber's claims being litigated together in the only venue where that is possible: Illinois. *Fein* v. *Public Serv. Coordinated Transp.*, 165 F. Supp. 370, 371 (E.D. Pa. 1958).  Thus, litigating in Illinois will reduce the costs of litigation, and this factor favors transfer.

### C.    Familiarity with Applicable Law

Though it need not be decided on this Motion, Illinois law is likely to apply to this case.  Thus, the public interest factor of familiarity with local law favors transfer.  Here, the alleged incident occurred in Illinois.  Even if there will be a debate about whether Illinois or California conflicts of laws principles govern here, that is ultimately inconsequential, because under either state's analysis, Illinois substantive law will likely be deemed to apply.[9]

Not only will Illinois law likely apply to the tort law questions posed by these cases, Illinois "tort and regulatory laws [] set[] the standards by which Uber's liability for alleged sexual misconduct or sexual assaults by its drivers are likely to be determined." *California Action*, at 15 (Luskey Decl. Ex. 1; RJN ¶ 1).  Allowing Plaintiff's case to remain in California, although it will likely be governed by the regulatory and tort law of Illinois, the state in which Plaintiff was allegedly injured, would undermine the public's interest in trying cases in the forum most familiar with the applicable law. *California Action*, at 15 (Luskey Decl. Ex. 1; RJN ¶ 1).  This factor favors transfer.

### **CONCLUSION**

For the foregoing reasons, Defendants respectfully request that the Court transfer this case to the Northern District of Illinois.

---

[9] *See, e.g.*, *Dawson*, 2013 WL 3322040, at *2 (California federal court finding "there is a strong possibility" that the law of the state of incident would apply); *Perdue* v. *Hy-Vee, Inc.*, 455 F. Supp. 3d 749, 759 (C.D. Ill. 2020) ("Generally, the law of the place of injury controls.").

1    DATED:  September 8, 2023          **PAUL, WEISS, RIFKIND, WHARTON &**
                                        **GARRISON LLP**
2

3                                       By:    /s/ Randall S. Luskey
                                               RANDALL S. LUSKEY
4                                              ROBERT ATKINS

5
                                        *Attorney for Defendants*
6                                       UBER TECHNOLOGIES, INC.
                                        and RASIER, LLC
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS UBER TECHNOLOGIES, INC. AND RASIER, LLC'S          CASE NO. 4:23-cv-03811-JSW
MOTION TO TRANSFER TO THE NORTHERN DISTRICT OF ILLINOIS