# EXHIBIT 2

Robert F. Tyson, Jr., Esq. (Bar No. 147177)
Susan L. Oliver, Esq. (Bar No. 160902)
Tracey L. Angelopoulos, Esq. (Bar No. 220095)
TYSON & MENDES, LLP
5661 La Jolla Boulevard
La Jolla, CA 92037
Telephone: (858) 459-4400

Attorneys for Defendants Uber Technologies, Inc. and Rasier, LLC

**FILED**
San Francisco County Superior Court

AUG 11 2017

CLERK OF THE COURT
BY: _____
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC., a Delaware Corporation, RASIER, LLC, a Delaware Limited Liability Company and DOES I-V, Inclusive Defendants<br><br>    Defendants. | Case No. CGC-17-556481<br>[Complaint Filed: 01/17/2017]<br><br>[~~PROPOSED~~] ORDER GRANTING DEFENDANTS UBER TECHNOLOGIES, INC.'S AND RASIER, LLC'S MOTION TO DISMISS OR IN THE ALTERNATIVE, STAY THE CASE BASED ON FORUM NON CONVENIENS<br><br>Date:    August 11, 2017<br>Time:    9:30 a.m.<br>Dept:    302<br>Judge:   Hon. Harold E. Kahn<br>Reservation No. 06090804-01<br><br>Trial Date:  None Set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

**PLEASE TAKE NOTICE** that on August 11, 2017 at 9:30 a.m. in Department 302 of this Court, Defendants UBER TECHNOLOGIES, INC.'s and RASIER, LLC's motion for an order dismissing the case based on forum non conveniens or in the alternative, staying the case came on regularly for hearing. All appearances are noted in the record.

///

///

1

[~~PROPOSED~~] ORDER GRANTING UBER TECHNOLOGIES, INC.'S AND RASIER, LLC'S MOTION TO DISMISS

After considering the motion and supporting documents and argument by counsel, the Court issues the following ruling.

DEFENDANT UBER TECHNOLOGIES, INC., RASIER, LLC's Motion For Support To Dismiss Or In The Alternative, Stay The Case Based On Forum Non Conveniens ~~Defendants Uber Technologies, Inc. and Rasier, LLC's motion to dismiss for forum non conveniens~~ is **GRANTED**. Michigan is a suitable alternative forum because defendants are subject to a Michigan court's jurisdiction and none of plaintiff Jane Doe's claims would be barred by the statute of limitations. Plaintiff's argument that Michigan is not a suitable forum because of the recently enacted legislation limiting the circumstances in which transportation network companies like Uber are deemed employers of their drivers lacks merit. "[S]o long as there is jurisdiction and no statute of limitations bar, a forum is suitable where an action can be brought, although not necessarily won." (*Shiley, Inc. v. Superior Court* (1992) 4 Cal.App.4th 126, 132 (internal quotation omitted).) "[A] showing that recovery would be more difficult or even impossible in a foreign forum does not demonstrate that the alternative forum is inadequate." (*Id.* at 133 (internal quotation omitted).) Nor does the "no remedy at all" exception apply because this case does not present one of those rare circumstances where the alternative forum lacks an "independent judiciary or due process of law." (*Id.* at 134.) The private and public interest factors weigh in favor of this case being venued in Michigan rather than California. As to the private interest factors, the incident occurred in Michigan, plaintiff and the Uber driver reside in Michigan, and most or all of the potential witnesses and documentary evidence are in Michigan. Defendants would likely not be able to compel out-of-state witnesses to appear in a California proceeding, which would likely hinder their defense. Defendants' corporate witnesses with knowledge of Uber's Michigan operations are located in Chicago, Illinois, not San Francisco. As to the public interest factors, California has only a minimal interest in adjudicating an incident that occurred between Michigan residents and involves Uber's compliance with Michigan rules. Michigan has a much greater interest in resolving a dispute involving Michigan residents and the way Uber operates in Michigan. Dismissal of the case, rather than a stay, is warranted because plaintiff has no connection with California. (*Henderson v. Superior Court* (1978) 77 Cal.App.3d 583, 598.)

1  IT IS SO ORDERED.

2  DATED: 8/14/17

3  _____
   Hon. Judge Harold E. Kahn
4  JUDGE OF THE SUPERIOR COURT

28  CGC-17-556481   JANE DOE vs. UBER TECH., INC., ET AL.

3

[PROPOSED] ORDER GRANTING UBER TECHNOLOGIES, INC.'S AND RASIER, LLC'S MOTION TO DISMISS