# EXHIBIT 3

1  Steven R. Disharoon (State Bar No. 273170)
   sdisharoon@wshblaw.com
2  Anoush C. Holaday (State Bar No. 291413)
   aholaday@wshblaw.com
3  **WOOD, SMITH, HENNING & BERMAN LLP**
   1401 Willow Pass Road, Suite 700
4  Concord, California 94520-7982
   Phone: 925 222 3400 ♦ Fax: 925 356 8250

FILED
San Francisco County Superior Court

MAR 2 4 2020

CLERK OF THE COURT
BY: _____
         Deputy Clerk

Attorneys for Defendants, UBER TECHNOLOGIES, INC. and RASIER, LLC

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR COUNTY OF SAN FRANCISCO

| | |
|---|---|
| JANE DOE, an Individual,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., a Delaware Corporation; RASIER, LLC, a Delaware Limited Liability Company,<br><br>Defendants. | Case No. CGC-19-579901  /STAY<br><br>[PROPOSED ORDER] GRANTING MOTION TO ~~DISMISS~~ BASED ON FORUM NON CONVENIENS<br><br>DATE:  January 14, 2020<br>TIME:  9:30 a.m.<br>DEPT.:  302<br><br>RESERVATION NO.: 12100114-09<br><br>Action Filed:     October 9, 2019<br><br>Trial Date:       None Set |

This action arises out of an alleged sexual assault on Plaintiff, a Texas resident represented by Texas counsel, by an Uber driver, also a Texas resident, during a ride in Texas on April 27, 2017. In April 2019, six months before filing the instant action, Plaintiff filed an action against the driver and Uber in Texas state court, but has since voluntarily dismissed ("nonsuited") that action.

Texas is a suitable alternative forum because Uber is subject to the personal jurisdiction of Texas courts, none of Plaintiffs' claims would be barred by the statute of limitations, and Texas can provide an adequate remedy for Plaintiffs' claims. (*Stangvik v. Shiley Inc.* (1991) 54 Cal.3d 744, 752.)

Texas Civil Practice & Remedies Code "section 16.0045(a) applies to a suit for personal

LEGAL:11009-0304/13749574.1

[PROPOSED ORDER] GRANTING DEFENDANTS' MOTION TO ~~DISMISS~~ Stay

Case 4:23-cv-03811-JSW   Document 20-4   Filed 09/08/23   Page 3 of 4

injury, which includes claims for negligence. There is no language restricting this particular limitations statute to certain types of personal-injury claims; hence, there is nothing in the statute to indicate that the legislature intended to limit this provision to causes of action against only the perpetrators of sexual assault." (*Stephanie M. v. Coptic Orthodox Patriarchate Diocese of Southern U.S.* (2011) 362 S.W.3d 656, 659.) Although Plaintiff is correct that *Stephanie M.'s* holding was one of first impression, review was denied and it has been cited with approval numerous times. (See *Hernandez v. Baylor Univ.* (W.D. Tex. 2017) 274 F.Supp. 602, 623; *Doe v. Roman Catholic Archdiocese of Galveston-Houston ex rel. Dinardo* (2012) 362 S.W.3d 803, 809-810; *Doe v. Catholic Diocese of El Paso* (2011) 362 S.W.3d 707, 717 n.8.) In any event, Plaintiff herself filed a timely action in Texas within two years of the incident.

As a non-California resident, Plaintiff's choice of forum is accorded "due deference," but not a strong presumption. (*National Football League v. Fireman's Fund Ins. Co.* (2013) 216 Cal.App.4th 902, 929.)

The balance of private and public interest factors also favors Texas. As to the private interest factors, Plaintiff's causes of action asserting negligent hiring, assault, false imprisonment, fraud, and IIED liability against Defendants are based on an incident which allegedly occurred in Texas. Plaintiff, a Texas resident, was allegedly sexually assaulted by an Uber driver, also a Texas resident. (Compl. ¶¶ 3, 5; Plf.'s MPA ISO Opp., 3.) Most potential witnesses and documentary evidence related to the incident are located in Texas. The cost and ease of obtaining access to these witnesses and documents weigh in favor of Texas as a forum. Furthermore, those non-resident witnesses probably would not be subject to compulsory attendance to testify at trial in California. (See *Stangvik v. Shiley Inc.*, 54 Cal.3d at 751 [the private interest factors are those that make trial and the enforceability of the ensuing judgment expeditious and relatively inexpensive, such as the ease of access to sources of proof, the cost of obtaining attendance of witnesses, and the availability of compulsory process for attendance of unwilling witnesses]; *Toyota Motor Corp. v. Superior Court* (2011) 197 Cal.App.4th 1107, 1118.) That Mr. Hanna has pled the Fifth Amendment does not relieve Plaintiff of the need to prove that an assault actually took place. All of the potential witnesses and documentary evidence relating to that assault are in Texas, not in

[PROPOSED ORDER] GRANTING DEFENDANTS' MOTION TO DISMISS Stay

California.

As for the public factors, Texas has a strong interest in the protection of its citizens from sexual assault by other Texas citizens and from fraudulent misrepresentations by a corporation operating in Texas. As a party, Uber would still be subject to discovery in Texas. In contrast, California has no significant interest in adjudicating an incident that occurred between Texas residents, and only a minimal interest in the out-of-state conduct of companies that happen to have their principal corporate headquarters in California. (See, e.g., *Doe v. Uber Technologies, Inc.* (N.D. Cal. May 31, 2017) 2017 WL 2352032 [granting motion to transfer venue of tort suit against Uber based upon alleged sexual assault perpetrated against plaintiff by Uber driver in Minnesota, where the majority of the evidence and key third party witnesses are in Minnesota and Minnesota's local interest in deciding the controversy is substantially stronger than California's].) Neither the enactment of Cal. Code of Civ. Proc. § 340.16 nor of AB 5, which did not become effective until January 1, 2019 and January 1, 2020, respectively, establishes that California has any substantial interest in such a dispute involving primarily non-California residents and arises out of an incident that took place in a different state.

At this time, the California action is ordered stayed. Should Plaintiff re-file in Texas, and if Texas is shown to be a suitable forum in regard to statutes of limitations, the Court will dismiss this case. The Court likewise will dismiss this case if Plaintiff does not re-file in Texas within 30 days of notice of entry of this Order. If, however, Plaintiff re-files in Texas and faces a statutes-of-limitations bar, Plaintiff may move to lift the stay, and the Court will then determine whether this case should be dismissed based on Plaintiff's voluntary dismissal of her previously filed Texas case.

**IT IS SO ORDERED.**

DATED: Mar. 24, 2020

JUDGE OF THE SUPERIOR COURT
ETHAN P. SCHULMAN