# EXHIBIT 4

Prepared for Defendant Uber Technologies, Inc.

**FILED**
San Francisco County Superior Court

JUL 1 2019

CLERK OF THE COURT
BY: _____
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| BRIAN GORNE and ADRIENNE WALKER, <br><br> Plaintiff, <br><br> v. <br><br> UBER TECHNOLOGIES, INC., a Delaware Corporation, AND THE FIRST DOE THROUGH ONE HUNDRETH DOE, INCLUSIVE, <br><br> Defendants. | Case No. CGC-19-575852 <br> [Complaint Filed: May 9, 2019] <br><br> [~~PROPOSED~~] ORDER GRANTING DEFENDANT UBER TECHNOLOGIES, INC.'S MOTION TO DISMISS BASED ON FORUM NON CONVENIENS <br><br> Date: July 1, 2019 <br> Time: 9:30 A.M. <br> Dept: 302 <br> Reservation No. 05160701-07 <br> Judge: Hon. Ethan Schulman <br> Trial Date: Not Set |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

PLEASE TAKE NOTICE that on July 1, 2019, at 9:30 a.m. in Department 302 of this Court, Defendant UBER TECHNOLOGIES, INC.'S motion for an order dismissing the case based on *forum non conveniens* came on regularly for hearing. All appearances are noted in the record.

///

///

///

///

1

After considering the motion and supporting documents and argument by counsel, the Court ORDERS as follows:

Defendant Uber Technologies, Inc's Motion to Dismiss is GRANTED.

Washington is a suitable alternative forum because Uber is subject to the personal jurisdiction of Washington courts, none of Plaintiffs' claims would be barred by the statute of limitations, and Washington can provide an adequate remedy for Plaintiffs' claims. (*Stangvik v. Shiley Inc.* (1991) 54 Cal.3d 744, 752; *Boaz v. Boyle & Co.* (1995) 40 Cal.App.4th 700, 710.) ~~Plaintiff Gorne's jurisdictional ties to California are irrelevant.~~ Plaintiffs' As a non-California resident, ~~his~~ Plaintiffs' choice of forum is accorded "due deference," but not a strong presumption. (*National Football League v. Fireman's Fund Ins. Co.* (2013) 216 Cal.App.4th 902, 929.)

The balance of private and public interest factors favor Washington. As to the private interest factors, all of Plaintiffs' causes of action asserting direct and vicarious liability against Uber are based on an incident which allegedly occurred in Washington. Mr. Gorne, a Washington resident, was allegedly assaulted by an Uber driver, also a Washington resident, who received a license as a rideshare driver in Washington, and who contracted with Uber's subsidiary in Washington. (Gorne Decl. 3; Holdsworth Decl. 4, 6). Most potential witnesses and documentary evidence related to the incident and the treatment of Mr. Gorne's injuries are located in Washington. The cost and ease of obtaining access to these witnesses and documents weigh in favor of Washington as a forum. Furthermore, those non-resident witnesses probably would not be subject to compulsory attendance to testify at trial in California. (See *Stangvik v. Shiley Inc.*, *supra*, 54 Cal.3d at 751 [the private interest factors are those that make trial and the enforceability of the ensuing judgment expeditious and relatively inexpensive, such as the ease of access to sources of proof, the cost of obtaining attendance of witnesses, and the availability of compulsory process for attendance of unwilling witnesses]; *Toyota Motor Corp. v. Superior Court* (2011) 197 Cal.App.4th 1107, 1118.) While Mr. Gorne identifies two blogs on Uber's webpage written by former executives of Uber as statements constituting some of the alleged misrepresentations by Uber, it appears undisputed that they are attributable to Uber, and the persons that wrote them on Uber's behalf are not material witnesses to disputed facts.

As for the public factors, Washington has a strong interest in the protection of its citizens from assault and battery by other Washington citizens and from fraudulent misrepresentations by a corporation operating in Washington. Washington also has an interest in ensuring that Uber and Uber drivers comply with local rules and regulations in conducting business in Washington. In contrast, California has no significant interest in adjudicating an incident that occurred between Washington residents and involves Uber's compliance with Washington regulations, and only a minimal interest in the out-of-state conduct of companies that happen to have their principal corporate headquarters in California. (See, e.g., *Doe v. Uber Technologies, Inc.* (N.D. Cal. May 31, 2017) 2017 WL 2352032 [granting motion to transfer venue of tort suit against Uber based upon alleged sexual assault perpetrated against plaintiff by Uber driver in Minnesota, where the majority of the evidence and key third party witnesses are in Minnesota and Minnesota's local interest in deciding the controversy is substantially stronger than California's].)

**IT IS SO ORDERED.**

Dated: July 1, 2019

_____
JUDGE OF THE SUPERIOR COURT
ETHAN P. SCHULMAN