# EXHIBIT A



FILE
Superior Court of California
County of San Francisco
DEC 9 - 2021
CLERK OF THE COURT
BY: _____
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

DEPARTMENT 613

| COORDINATION PROCEEDING SPECIAL TITLE [RULE 3.550(c)] **UBER SEXUAL ASSAULT CASES** This Order Relates to the Petition for Coordination | Case No. CJC-21-005188 JUDICIAL COUNCIL COORDINATION PROCEEDING NO. 5188 ORDER GRANTING PETITION FOR COORDINATION AND REQUEST FOR A STAY |
|---|---|

## INTRODUCTION

This matter came on regularly for hearing on November 3, 2021 in Department 613, the Honorable Andrew Y.S. Cheng, presiding. William Levin, Samira Bokaie, Walt Cubberly, and Jessica Dayton appeared for Petitioners. Robert Atkins appeared for Uber Technologies, Inc. All other appearances are as noted in the record.

Having reviewed and considered the arguments, pleadings, and written submissions of all parties, the Court **GRANTS** petitioners' petition for coordination and **GRANTS** petitioners' motion to stay.

## BACKGROUND

Petitioner requests coordination of eighty-six (86) sexual assault claims against Uber.[1] These

---

[1] Uber opposes the coordination motion.

actions are pending in San Francisco, Sacramento, Santa Clara, Kern, and Los Angeles counties. All eighty-six actions arise out of Plaintiffs' use of the Uber app resulting in alleged sexual assault and/or rape of Petitioner by their Uber driver. All actions allege that Uber failed to implement appropriate safety precautions to protect its passengers, such as adequate screening of their employees, adequate safety features of the application, and adequate training of employees regarding sexual harassment and/or sexual assault. The actions assert claims of general negligence; negligent hiring, retention, and supervision; common carrier negligence; negligent failure to warn and failure to recall; vicarious liability for the torts of Uber's drivers, sexual assault, sexual battery, and false imprisonment; intentional and negligent misrepresentation; negligent and intentional infliction of emotional distress; breach of contract; strict product liability for design defect and failure to warn; intentional concealment; negligence by misfeasance and nonfeasance; and fraud.

Petitioners seek to coordinate the San Francisco, Sacramento, Santa Clara, Kern, and Los Angeles actions and ask that the San Francisco Superior Court be designated as the site for the coordinated proceedings.[2]

## STANDARD FOR COORDINATION

A petition for coordination of civil actions must be supported by facts showing that the actions are complex and that the actions meet the standards specified in section 404.1 of the Code of Civil Procedure. (Code Civ. Proc. § 404.) Coordination of civil actions sharing a common question of fact or law is appropriate if it "will promote the ends of justice taking into account whether the common question of fact or law is predominating and significant to the litigation; the convenience of parties, witnesses, and counsel; the relative development of the actions and the work product of counsel; the efficient utilization of judicial facilities and manpower; the calendar of the courts; the disadvantages of duplicative and inconsistent rulings, orders, or judgments; and, the likelihood of settlement of the actions." (Code Civ. Proc. § 404.1.)

///

---

[2] The parties also briefed Plaintiffs' two Notices of Potential Add-On Cases for Coordination Consideration ("Notices"), filed September 28, 2021 and October 28, 2021. The Notices are properly reserved for the coordination trial judge.

- 2 -

*Uber Sexual Assault Cases* JCCP 5188 Order Granting Petition for Coordination and Motion to Stay

## DISCUSSION

I.  **Code of Civil Procedure §§ 404, 404.1 Factors.**

The factors under Code Civ. Proc. § 404.1 dictate that coordination is proper.

First, while the eighty-six cases have not all been designed as complex, the Court concludes that they are complex. The actions will likely involve numerous pretrial motions raising difficult or novel legal issues that will be time-consuming to resolve. They will require management of a large number of witnesses and substantial amounts of documentary evidence. They will involve management of a multitude of separately represented Petitioners. (California Rules of Court, rule 3.400.)

Second, all eighty-six cases[3] share similar facts and issues concerning the same central claims: whether Uber failed to adequately vet and train drivers regarding sexual assault, implement adequate safety measures to protect its passengers from being sexually assaulted, and adequately respond to driver complaints. (Petition, 14.) Other overlapping questions on liability including common carrier liability, vicarious liability, the scope of Uber's duty (if any), Uber's breach (if any), causation, liability of drivers, whether drivers are independent contacts or employees, whether Uber's app is defective, and the impact of Uber's public representations are also present. The Court rejects Uber's arguments that *forum non conveniens*, choice of law, and liability determinations are unavoidably individualized. Rather, liability questions center on Lyft, not its drivers. Further, while *forum non conveniens*, choice of law, and interpretation of Uber's Terms of Use may have individualized components, they address identical threshold and central legal questions that should be decided by one judge.[4] Because the liability questions for each case are similar, parties will likely benefit from uniformly resolving the common and significant factual and legal questions that predominate in all actions. This factor weighs in favor of coordination.

Third, the actions are spread throughout five different counties in California. Specifically, the cases are filed in Sacramento, San Francisco, Santa Clara, Kern, and Los Angeles counties; the bulk of

---

[3] An additional seventy-nine (79) cases have been filed since this petition was filed. (Reply, 4.)

[4] The Court also finds this action substantially similar to the Lyft Rideshare JCCP, such that coordination should also follow here.

- 3 -

*Uber Sexual Assault Cases* JCCP 5188 Order Granting Petition for Coordination and Motion to Stay

cases are filed in San Francisco County. (*Id.* at 17.) The convenience of parties, witnesses, and counsel weigh in favor of coordination.

Fourth, the California actions are in similarly early stages of litigation. Almost all parties have not taken any depositions or conducted any discovery.[5] (*Id.* at 16.) This weighs in favor of coordination.

Lastly, coordination will promote judicial efficiency, streamline discovery among a myriad of Plaintiffs (including avoiding duplicate deposition and trial testimony), facilitate settlement, and eradicate the possibility of different courts deciding on novel and overlapping issues with the same defendants. This factor weighs in favor of coordination.

For the reasons stated above, the Court **GRANTS** the petition for coordination in the cases listed.

### i. The Appropriate Situs for Coordination.

Petitioner argues the appropriate situs for assignment of the coordinated proceeding is San Francisco Superior Court. Defendants do not oppose. The relevant factors in determining the site for the coordination proceedings are set forth in Rule 3.530 of the California Rules of Court. The bulk of the at-issue cases were filed in San Francisco County. (Petition at 3.) Petitioners and Defendants counsel are located in San Francisco.[6] Uber's headquarters is located in San Francisco, and many of the likely witnesses, current employees, corporate management, and documentary evidence will be located in San Francisco County. (*Id.* at 16.) The Court recommends that the most appropriate situs for assignment of the coordinated proceedings is San Francisco Superior Court, and the Court of Appeal, First Appellate District, be designated as the reviewing court.

### ii. Request for a Stay Pending Resolution of the Petition.

"When an order granting coordination is filed in an included action, all further proceedings in that action are automatically stayed, except as directed by the coordination trial judge or by the coordination motion judge under (c). The stay does not preclude the court in which the included action is pending from accepting and filing papers with proof of submission of a copy to the assigned judge or from exercising

---

[5] The parties that filed actions before May 2021 have conducted some discovery, and those claimants have joined this petition. (Reply, 3-4.)

[6] Petitioners' counsel is Levin Simes Abrams, LLP, a firm in San Francisco. Defendants are represented by Buchalter and Paul, Weiss, Rifkind, Wharton & Garrison, LLP. Buchalter is located in Irvine and Paul, Weiss, Rifkind, Wharton & Garrison, LLP is located in San Francisco.

jurisdiction over any severable claim that has not been ordered coordinated." (C.R.C., rule 3.529(b) [emphasis supplied].) "Pending any determination of whether coordination is appropriate, the judge making that determination *may stay* any action being considered for, or affecting an action being considered for, coordination." (C.C.P. § 404.5 [emphasis supplied].) In deciding a motion to stay, the judge must determine whether the stay will promote the ends of justice. (See C.R.C., rule 3.529(c); see also C.R.C., rule 3.515(f), (h).)

The Court stays all included actions until the completion of coordinated proceedings, and the assignment of the coordinated proceeding judge.

## CONCLUSION AND ORDER

The Court **GRANTS** the petition for coordination and request for a stay in the Uber Sexual Assault actions and recommends San Francisco Superior Court as the site for the coordinated proceedings and that the Court of Appeal, First Appellate District, be designated as the reviewing court. All further proceedings in the included actions are stayed until and at such time as directed by the coordination trial judge pursuant to California Rules of Court, Rule 3.529(b). The Petitioners must promptly file a copy of this order in each included action, serve it on each party appearing in the included actions, and submit it to the Chair of the Judicial Council. (C.R.C., Rule 3.529(a).)

IT IS SO ORDERED.

Dated: December 9, 2021

_____
ANDREW Y.S. CHENG
Judge of the Superior Court

*Uber Sexual Assault Cases* JCCP 5188 Order Granting Petition for Coordination and Motion to Stay

## CERTIFICATE OF ELECTRONIC SERVICE
(CCP 1010.6(6) & CRC 2.251)

I, CLARK BANAYAD, a Deputy Clerk of the Superior Court of the County of San Francisco, certify that I am not a party to the within action.

On December 9, 2021, I electronically served the ATTACHED DOCUMENT(S) via File&ServeXpress on the recipients designated on the Transaction Receipt located on the File&ServeXpress website.

Dated: December 9, 2021

T. Michael Yuen, Clerk

By: _____
CLARK BANAYAD, Deputy Clerk