| | |
|---|---|
| 1 | RANDALL S. LUSKEY (SBN: 240915) |
| 2 | rluskey@paulweiss.com |
|   | **PAUL, WEISS, RIFKIND, WHARTON** |
| 3 | **& GARRISON LLP** |
|   | 535 Mission Street, 24th Floor |
| 4 | San Francisco, CA 94105 |
|   | Telephone: (628) 432-5100 |
| 5 | Facsimile: (628) 232-3101 |
| 6 | ROBERT ATKINS (*Pro Hac Vice forthcoming*) |
| 7 | ratkins@paulweiss.com |
|   | **PAUL, WEISS, RIFKIND, WHARTON** |
| 8 | **& GARRISON LLP** |
|   | 1285 Avenue of the Americas |
| 9 | New York, NY 10019 |
|   | Telephone: (212) 373-3183 |
| 10 | Facsimile: (212) 492-0183 |

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.; RASIER, LLC;
and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# OAKLAND DIVISION

| | |
|---|---|
| LS 134, an individual, | Case No. 4:23-cv-03811-JSW |
| Plaintiff, | **REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REPLY BRIEF** |
| v. | |
| UBER TECHNOLOGIES, INC., a Delaware Corporation; RASIER, LLC, a Delaware Limited Liability Company; RASIER-CA, LLC, a Delaware Limited Liability Company, and DOES 1 through 50, Inclusive. | Date: December 1, 2023<br>Time: 9:00 a.m.<br>Courtroom: 5 – 2nd Floor<br><br>Action Filed: August 1, 2023<br>Trial Date: None Set |
| Defendants. | |

REQUEST FOR JUDICIAL NOTICE IN SUPPORT
OF DEFENDANTS' REPLY BRIEF                                     CASE NO. 4:23-cv-03811-JSW

**TO THIS HONORABLE COURT:**

Defendants Uber Technologies, Inc., Rasier LLC, and Rasier-CA, LLC (collectively, "Uber") request that the Court take judicial notice, pursuant to Federal Rule of Evidence 201, of certain evidence in support of its Reply Brief and Motion to Transfer Venue to the Northern District of Illinois:

1. Plaintiff Jane Doe's Complaint in *LSA 134* v. *Uber Techs., Inc. et al.*, CGC-21-594130, filed in the Superior Court of California for the County of San Francisco, dated July 29, 2021, a true and correct copy of which is attached as **Exhibit 1** to the Luskey Reply Declaration.

2. The Superior Court of California for the County of San Francisco's April 12, 2022 Order Re: Coordination To JCCP in *In Re: Uber Rideshare Cases*, CJC-21-005188, a true and correct copy of which is attached as **Exhibit 2** to the Luskey Reply Declaration.

3. The Superior Court of California for the County of San Francisco's February 28, 2023 Stipulation and Order Re: Application of January 23, 2023 Order in *In Re: Uber Rideshare Cases*, CJC-21-005188, a true and correct copy of which is attached as **Exhibit 3** to the Luskey Reply Declaration.

4. The Superior Court of California for the County of San Francisco's August 10, 2022 Case Management Order in *In Re: Uber Rideshare Cases*, CJC-21-005188, a true and correct copy of which is attached as **Exhibit 4** to the Luskey Reply Declaration.[1]

5. The Complaint filed in *Lapachet* v. *Cal. Forensic Med. Grp.*, No. 16-cv-06959-HSG, in the Northern District of California, dated December 2, 2016, a true and correct copy of which is attached as **Exhibit 5** to the Luskey Reply Declaration.

6. Illinois Compiled Statutes Annotated, Chapter 625, Act 57, Sections 15 and 25, a true and correct copy of which is attached as **Exhibit 6** to the Luskey Reply Declaration.

7. *Doe* v. *Lyft, Inc.*, 176 N.E.3d 863 (Ill. App. Ct. 2020), a true and correct copy of which is attached as **Exhibit 7** to the Luskey Reply Declaration.

---

[1] Exhibits 2-4 are not subject to N.D. California Local Rule 3-4(e) because they have not been designated as "NOT FOR CITATION" by any court. By contrast, under California Rule of Court, only California appellate decisions that are not certified for publication are not considered citable in California proceedings. Cal. Ct. R. 8.1115(a). That rule does not address trial court decisions like the ones that are the subject of this request for judicial notice.

8. The Illinois 2023 Legislative Service Public Act 103-0527 (H.B. 2231), a true and correct copy of which is attached as **Exhibit 8** to the Luskey Reply Declaration.

9. *Perry* v. *Department of Financial & Professional Regulation*, 106 N.E.3d 1016, 1027 (Ill. 2018), a true and correct copy of which is attached as **Exhibit 9** to the Luskey Reply Declaration.

10. *In re: Gerber Probiotic Prod. Mktg. & Sales Pracs. Litig.*, 899 F. Supp. 2d 1378, 1380 (J.P.M.L. 2012), a true and correct copy of which is attached as **Exhibit 10** to the Luskey Reply Declaration.

Under Federal Rule of Evidence 201, a federal court may take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed R. Evid. 201(b)(2). Judicial notice of such facts must be taken when requested by a party who supplies the court with the necessary information. *Id.* Rule 201(c)(2). Proceedings and orders by other courts, whether in the state or federal system, may be judicially noticed. *See Duckett* v. *Godinez*, 67 F.3d 734, 741 (9th Cir. 1995); *Dawson v. Mahoney*, 451 F.3d 550, 551 n.1 (9th Cir. 2006). The documents attached as Exhibits 1, 2, 3, 4, 5, 7, 9, and 10 are records of other courts in the state and federal systems. Likewise, judicial notice may be taken of statutes and regulations. *See United States* v. *Carolina Liquid Chemistries, Corp.*, 2019 WL 3207851, at *4 (N.D. Cal. July 16, 2019); *Navajo Nation* v. *Dep't of the Interior*, 876 F.3d 1144, 1153 n.3 (9th Cir. 2017). The documents attached as Exhibit 6 and 8 are statutes subject to judicial notice. Therefore, Uber respectfully requests that this Court take judicial notice of these matters presented in support of its Reply Brief and Motion to Transfer Venue to the Northern District of Illinois.

DATED: September 29, 2023

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: */s/ Randall S. Luskey*
RANDALL S. LUSKEY
ROBERT ATKINS

*Attorney for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC, and RASIER-CA, LLC

-3-